**WALTER I. M. HODGE**

v.

**HESS OIL VIRGIN ISLANDS CORP.**

Civil No. 78-1972

District Court of the Virgin Islands

Div. of St. Croix

May 22, 1972

MARIO N. DECHABERT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

BIRCH, DEJONGH & FARRELLY, ESQS. (ALEXANDER A. FARRELLY, of counsel), Charlotte Amalie, St. Thomas, V.I., *for defendant*

YOUNG, *Judge*

MEMORANDUM OPINION

Defendant moved this Court for an Order under Rule 60(b)(1)(6) to relieve defendant by vacating the Order of Default heretofore entered by this Court. I am denying defendant's motion and I could do it in a simple three line

order. However, I have chosen to state my reasons for denying the motion in this memorandum, copies of which will be distributed to the members of the local Bar.

The complaint herein alleged damage to plaintiff's cattle from defendant's alleged pollution of the waters and land. Defendant was personally served in St. Croix on February 14, 1972. The Rules provide a period of twenty (20) days for an answer or other pleading to the complaint. That period expired March 5, 1972. By stipulation dated *March 15* (already ten days beyond the time for filing) the parties agreed to extend the time for answer to April 15, 1972 (making an additional forty-day period to the normal responsive pleading time). However, this stipulation was not filed until *April 20*, five days beyond the time established in the stipulation.

By motion dated *April 21*, plaintiff moved for a default order. Before that motion reached the Judge's Chambers from the Clerk's Office on the first floor, an answer was filed by defendant, dated April 17, but actually filed April 25 (10 days after the stipulated time—and without leave of Court to make a filing out of time). After reviewing the record and being dismayed by the cavalier attitude of the attorneys and their disregard for the rules pertaining to civil procedure, I entered an Order on April 28. I recited some of the pertinent facts abovementioned and adjudged the defendant to be in default. In the same Order, I set May 12, 1972, for an evidentiary hearing on the question of damages.

Approximately a week after the entry of the Order of Default, defendant moved to vacate the default order pursuant to Rule 60(b) and attached a memorandum of law to the motion. The "memorandum of law" was actually a "memorandum of facts", attempting to show "inadvertence and excusable neglect". From the memorandum I was unable to satisfy myself that there was in fact in-

advertence or excusable neglect. Be that as it may, I cancelled the evidentiary hearing and scheduled a hearing on defendant's motion. At this hearing, plaintiff moved to dismiss defendant's motion and filed a memorandum of fact and law. The Court heard argument of counsel on both motions.

In September of 1971, when I changed from one side of the Bench to the other, my first duties as a Judge of the District Court was to conduct a calendar call of a backlog of 820 civil cases and 120 criminal cases. At that time, it was mentioned to the members of the Bar attending that long calendar call that we had a very serious task ahead of us, and that the task would not be solved merely by adding another Judge. It had to be solved by settling cases that should be settled and expediting the others to be decided by the bench or jury. I recollect mentioning that prior to the appointment of Chief Judge Almeric Christian in 1969, our "judgeless bar" was embarrassed by the condoning and paternalistic attitude of some of the stateside judges assigned to temporary duty in St. Croix in treating us differently and not "by the rules".

Shortly after the initial calendar call, we began a course of conduct of dismissing appeals for want of prosecution and for dismissing complaints for failure to respond to interrogatories or to make admissions of facts. The Court has gently but firmly tightened up on the rules in an attempt to expedite the business of the Court. The St. Croix Division of the District Court (with the help of Chief Judge Almeric Christian for one week out of each calendar month) has been able to dispose of 380 civil cases and eighty criminal cases, a total of 460 cases in eight months. However, during that same period, there were filed in St. Croix 644 civil cases and 116 criminal cases. If it is true that every why hath a wherefore, here is the wherefore. The St. Croix Division needs a shake up of its at-

torneys. There is no room for tranquillity in this litigious island of the Caribbean.

The Federal Rules of Civil and Criminal Procedure are designed in part to keep litigation in a scheduled flow from the filing of the civil complaint and the criminal information to the recording of judgment. Not to follow these rules, is to lose much of their value. A cursory examination of the Court's logistic records discloses that it costs approximately $300,000 per year to run each division of the District Court of the Virgin Islands. This amounts to a $1,500 court day cost. With the tremendous increase in civil and criminal litigation, we no longer can fritter precious and costly court time on stipulations for enlarging filing periods, motions to accomplish the same with memoranda and affidavits to justify delays and nonconformance with the Rules.

On May 15, the very day argument was presented in this action, the Court considered other motions for default judgment. In one case,[1] an airport service truck collided with a parked cargo plane. The defendant's answer was long overdue. A default order had been given about a week before. On the 15th, plaintiff presented evidence on damages. After the entry of judgment, the law firm in Puerto Rico gave up its program of "lawyer shopping" and retained a local firm to re-open the case and vacate the judgment. Their petition was denied.

On another motion[2] on the very same day of May 15 the same attorney for the defendant in this action asked this Court to grant his client a default order for the failure of the defendant to respond to the complaint. I unhesitatingly granted the default order.

There was even a third motion[3] on that same day of

---

[1] Bohlke v. Interstate Air Service, No. 307/71.
[2] Kodak Caribbean Ltd. v. Russel & Zee, Inc., No. 58/72.
[3] Chase Manhattan Bank v. The Frigate & James Punter, No. 152/72.

May 15. The defendant was long overdue on a responsive pleading to the complaint. Motion granted!

On the day of writing this Memorandum Opinion (May 22, 1972), there was presented to the Court a motion to dismiss a civil action appeal for failure to prosecute.[4] Appellant's attorney filed an opposition statement, describing an intra-law office difficulty in getting the brief composed. The lawyer representing the appellant knew nothing of the facts of the case and was unable to advise the Court as to the merits of the appeal. Lacking a good reason for their neglect and showing no meritoriousness of the appeal, appellant "had his day in court".

In the case sub judice, the firm of attorneys representing the defendant in default is one of the best and most aggressive firms of attorneys in the Virgin Islands. However, its excuses for failing to respond within the time agreed upon were so weak they do not deserve being mentioned. The attorney in this case, who pressed this Court for an Order of Default, is a recently admitted member of the Bar. It is refreshing to see a young neophyte stand up to the veterans. It gives us pause to think that we veterans can and should learn from the young set.

After the conclusion of the arguments in this case, I took the matter under advisement so that I would have more time to study the pleadings and memoranda annexed to the motions. I was looking for a meritorious defense. There may be a meritorious defense, but if there is, it has not been divulged to me. Under all the circumstances, I cannot justify vacating my default order.

For the reasons above stated, I will enter an Order this date dismissing defendant's order [sic] to vacate and setting a time for an evidentiary hearing on the question of damages.

---

[4] Joseph v. Tyrell, No. 338/1971.